# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFTMAKER SOFTWARE GMBH, a German limited liability company, and SOFTMAKER ENTWICKLUNGS GMBH, a German limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>THIRD SCROLL PRODUCTS LLC, an Indiana limited liability company; SONNEY COLFAX, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 11cv01577 BTM(RBB)<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE** |

Defendants Third Scroll Products LLC and Allan Geary (sued as "Sonney Colfax") have filed a motion to transfer venue to the United States District Court, Southern District of Indiana, as well as a motion to dismiss claims against Geary for lack of personal jurisdiction. For the reasons discussed below, the Court **GRANTS** the motion to transfer venue and does not reach the motion to dismiss.

## I. BACKGROUND

Plaintiffs commenced this action in this district on July 18, 2011. Plaintiff SoftMaker Software GmbH ("SoftMaker") and SoftMaker Entwicklungs GmbH are companies formed under the laws of Germany with principal places of business in Nuremberg, Germany.

(Compl. ¶¶ 2-3.) Defendant Third Scroll Products LLC ("Third Scroll") is an Indiana limited liability company with its principal place of business in Indianapolis, Indiana. (Compl. ¶ 4.) The Complaint also names as a defendant "Sonney Colfax," who, on information and belief, "is an officer, shareholder, director, and/or agent of Third Scroll and otherwise controls Third Scroll." (Compl. ¶ 5.) Defendants claim that "Sonney Colfax" is just a contact name provided by Allen Geary, a consultant to Third Scroll, for use on press releases. (Geary Decl. ¶ 4.) Geary is a resident of Indiana. (Geary Decl. ¶ 2.)

According to the Complaint, Defendants violated Plaintiffs' copyrights and trademarks by marketing, selling, and distributing, without authorization, copies of Plaintiffs' software products, some of which were installed on laptop computers called "Ez Books." (Compl. ¶ 26.) Plaintiffs allege that Defendants advertised and conducted the unauthorized sales throughout the United States over the internet, including via a website previously accessible at http://www.ezbookpc.com. (Compl. ¶ 15.)

The Complaint asserts claims against Defendants for (1) copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501; (2) circumvention of "Access Control Technology" in violation of 17 U.S.C. § 1201(a); (3) trademark infringement and counterfeiting in violation of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a); (4) false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a); and (5) Unfair competition under Cal. Bus. & Prof. Code § 17200.

## II. DISCUSSION

Defendants contend that this case should be transferred to the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a). Upon review of the relevant factors, the Court concludes that a transfer for convenience is appropriate in this case.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate in a particular case, courts consider factors such as (1) the plaintiff's choice of forum, (2) the convenience

of the witnesses and parties, (3) the ease of access to sources of proof, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the state that is most familiar with the governing law, and (8) the availability of compulsory process to compel attendance of unwilling non-party witnesses. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). The burden of showing that transfer is appropriate rests on the moving party. Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

The parties do not dispute that this action could have been brought in the Southern District of Indiana. Accordingly, the Court considers the §1404(a) factors.

In contrast to the strong presumption of a domestic plaintiff's forum choice, a foreign plaintiff's choice "deserves less deference." Monegro v. Rosa, 211 F.3d 509, 513 (9th Cir. 2000) (quoting Piper Aircraft v. Reyno, 454 U.S. 235, 256 (1981)).[1] Plaintiffs in this case are German companies with no offices in the United States.

It would be more convenient for Defendants if the case were transferred to Indiana because Third Scroll is located in Indianapolis, Indiana, and has no office or employees in California. (Denney Decl. ¶ 3.) Allan Geary is a resident of Greenfield, Indiana. (Geary Decl. ¶ 2.) It does not appear that Indiana would be a less convenient venue for Plaintiffs because Plaintiffs do not have any offices in the United States.

With respect to non-party witnesses, it does not appear that any of them reside in this forum. As explained by Defendants, there were four suppliers of the EzBook laptops: one located in Peru, Indiana; one located in Vernon, California (Central District); and two located in China. (Denney Decl. ¶ 4.) Third Scroll used two advertising agencies, one based in Minnesota and one located in Indianapolis. (Denney Decl. ¶ 8.) Two press releases were issued by a company in Maryland. (Id.) To the extent any of the non-party witnesses are

---

[1] In Piper Aircraft, the Supreme Court explained, "Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." 454 U.S. at 256. Contrary to Plaintiffs' arguments, the rationale for according less deference to a foreign plaintiff's choice of forum does not depend on whether the events underlying the lawsuit occurred entirely in a different country.

affiliated with these suppliers and/or advertising agencies, there is no basis for concluding that either the Southern District of California or the Southern District of Indiana would, on the whole, be a more convenient forum.

It would be easier for Defendants to access sources of proof in Indiana. Third Scroll maintains records regarding its advertisements and sale of the EzBook laptops in addition to some returned laptops and images of the software installed on the EzBooks, at its headquarters in Indianapolis. (Denney Decl. ¶ 9.) It does not appear that Plaintiffs' access to sources of proof is any more difficult in Indiana.

Although Defendants may have advertised its product in this forum (via the internet) and sold some EzBooks in this forum, Defendants' contacts with this forum are not any more significant than their contacts with any other forum where EzBooks were sold. Only 475 out of 38,000 EzBooks (about 1.25%) were sold in this forum. Similarly, there is no evidence that Plaintiffs have significant contacts with this forum beyond their products "being used and protected throughout the world." (Pl. Opp. at 5:16-17.) In terms of contacts that relate to the claims in this case (i.e., advertising by Defendants that used SoftMaker's trademarks and/or the sale of EzBooks containing infringing software), again, there is nothing that sets this forum apart from any other.

Given the location of Third Scroll's offices and employees, it is reasonable to conclude that the cost of litigation would be higher for Defendants in the Southern District of California. There is no reason to believe that the cost of litigation would be higher for Plaintiffs in Indiana.

The remaining factors regarding familiarity with the law and compulsory process do not weigh in favor or against transfer.

Upon consideration of all of the factors set forth above, the Court concludes that this case should be transferred to the Southern District of Indiana. The greater convenience to Defendants, including lower costs of litigation and ease of access to proof, warrant a transfer of the case given that none of the parties reside in this forum, none of the witnesses appear to be located in this forum, and the contacts to this forum that relate to the litigation are not

any more significant than the contacts in any other forum in the United States where allegedly infringing activity occurred.

### III. CONCLUSION

For the reasons discussed above, Defendants' motion to transfer venue is **GRANTED**. This case is hereby **TRANSFERRED** to the United States District Court for the Southern District of Indiana.  The Court does not reach the motion to dismiss as to "Sonney Colfax."
**IT IS SO ORDERED.**

DATED:  November 21, 2011

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge